IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Christian Avitia ] | NO. | 23CV15957 |
| Plaintiff ] | | |
| v. ] | | |
| City of Chicago, Bernard Lee, in his ] | | |
| Official and Personal Capacity, Tim Tully, ] | | |
| in his Official and Personal Capacity, T.M. ] | | |
| Bickham, in his Official and Personal ] | | |
| Capacity, Erin Murphy, in her Official and ] | | |
| Personal Capacity, Kevin Sweeney, in his ] | | |
| Official and Personal Capacity, Illinois ] | | |
| State Police Director Brendan F. Kelly, in ] | | |
| his personal and official capacity, and the ] | | |
| State of Illinois ] | | |
| Defendant(s) ] | | |

COMPLAINT

Pursuant to Fed. R. Civ. P. 3 Christian Avitia [Plaintiff] commences this action against for deprivation of civil rights under color of law relating to the arrest of the Plaintiff. Plaintiff was arrested and charged with aggravated unlawful use of weapon for not having a concealed carry license (CCL). At the time of the arrest Plaintiff was law-abiding citizen who was licensed under the CCL act to carry a weapon under Illinois law. Plaintiff attempted to show the officers his ECARD but the officers did not accept the proof. The display or possession of an electronic version of a valid Firearm Owner's Identification Card in accordance with the requirements of the Illinois State Police satisfies all requirements for the display or possession of a valid Firearm Owner's Identification Card under the laws of this State. Plaintiff's right to bear arms was revoked because of this arrest and he lost his employment. The criminal case was dismissed. However, as of the filing of this complaint the Plaintiff's right to bear arms has not been restored by the State of Illinois after proper application.

1

B. JURISDICTION

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, 2201, 2202, 42 U.S.C. § 1983, 28 U.S. Code § 1367, U.S. Const. amend. XIV, U.S. Const. amend. IV, and U.S. Const. amend. XIV

2. This Court has personal jurisdiction over each of the Defendants because, inter alia, they acted under the color of laws, policies, customs, and/or practices of the City, Police, and executive discretion and/or within the geographic confines of the State of Illinois.

3. Venue is proper pursuant to 28 U.S.C. § 1391 because the Defendants may be found in this district, and because the events and omissions giving rise to this action all occurred in the County of Cook State of Illinois.

PARTIES

4. Plaintiff Christian Avitia a natural person residing in the County of Cook.

5. Defendant City of Chicago is a municipality located in the State of Illinois County of Cook. Defendant is sued in his Official and Personal Capacity

6. Defendant Bernard Lee is a natural person and a Chicago Police Officer. Defendant is sued in his Official and Personal Capacity.

7. Defendant Tim Tully is a natural person and a Chicago Police Officer. Defendant is sued in his Official and Personal Capacity.

8. Defendant T.M, Bickham is a natural person and a Chicago Police Officer. Defendant is sued in his Official and Personal Capacity.

9. Defendant Kevin Sweeney is a natural person and a Chicago Police Officer. Defendant is sued in his Official and Personal Capacity.

10. Defendant Erin Murphy is a natural person and a Chicago Police Officer. Defendant is sued in her Official and Personal Capacity.

11. Defendant Brendan F. Kelly is a natural person and the Illinois State Police Director. Defendant is sued in his Official and Personal Capacity.

12. Defendant State of Illinois is a State/government organization. Only injunctive relief is sought against the State of Illinois.

COUNT 1: VIOLATION OF 42 U.S.C. § 1983
2nd AMENDMENT BY ALL DEFENDANTS

13. Legislation effective January 1, 2022, provided that "the display or possession of an electronic version of a valid Firearm Owner's Identification Card in accordance with the requirements of the Illinois State Police satisfies all requirements for the display or possession of a valid Firearm Owner's Identification Card under the laws of this State." See 430 ILCS 65/6.2

14. "A FOID card holder is able to login into ispfsb.com via their smartphone, tablet, or other mobile device and by clicking the "My ECARD" button, bring up information regarding their most recent printed FOID card. This method communicates in real time the status of a FOID or CCL combo card. As a result, a car holder will be able to display a newly approved FOID or CCL combo card even before the physical card is delivered in the mail. Additionally, each ECARD is imprinted with a time and date stamp to the exact second the ECARD was clicked and generated by the ECARD holder; accordingly, a photo of the ECARD cannot be retained for later use."

15. The purpose of this law was public safety, live information and to give immediate access to the second amendment to a licensee while waiting for a physical card to arrive in the mail.

16. On June 24th a LEADS Daily Bulletin was issued in relation to ECARDs providing the same information to officers.

17. On or about June 29th, 2022, the Plaintiff was licensed and authorized to carry a concealed weapon under Illinois law. Plaintiff had an ECARD.

18. On or about June 29th, 2022, Defendant Lee and Tully were employed by the Chicago Police Department as Police Officers for the City and were on patrol duty.

19. On or about June 29th, 2022, Plaintiff was travelling Southbound on Damen Ave near 3640 S Damen Ave in Chicago Illinois with an alleged tinted registration plate cover. However, the license plate cover was not obstructive or in violation of the law.

20. Defendant Lee and Defendant Tully curbed the vehicle and conducted a field interview.

21. Defendant Lee and Tully asked the Plaintiff if there are any weapons in the car.

22. The Plaintiff related that he has his Beretta on the seat next to him on the passenger seat and revealed a Black finish Beretta 9 MM with a brown grip, inserted in a black holster with a fully seated magazine containing ammunition located on the front passenger seat.

23. The officers made the weapon safe and requested the Plaintiff to step out of the vehicle.

24. The Plaintiff provided a valid FOID and informed the officers he had a CCL.

25. At this time Defendant Sweeny and Defendant Sgt. Murphy were present as well.

26. Defendant Sweeny and Defendant Murphy were employed by the City of Chicago Police Department as Police officers for the City of Chicago.

27. The Plaintiff attempted to provide an ECARD on his mobile phone pursuant to state law, but the Defendant officers would not allow him to do so. The officers would not accept it as proof and kept interrupting him so he could not access it.

28. None of the officers were familiar what an ECARD or it's legal effect or the legislation as to the ECARD.

29. One Chicago Police Officer stated, "he never even heard of that shit".

30. Sergeant Murphy also stated that we are not familiar with ECARD in Chicago.

31. The officers continued to not allow the Plaintiff to show the ECARD on his mobile phone or to allow him to log in and refused to let Plaintiff show such proof of compliance with the law.

32. As some point, the officers discussed the ECARD but did not want to deal with it because Plaintiff was allegedly "kind of being an asshole."

33. When Plaintiff began to explain himself as to the ECARD in response to the questions of the officers, the officers became angry and told Plaintiff he is going to jail and would not allow Plaintiff to show the ECARD on his mobile phone to the Officers and refused to accept it the ECARD.

34. The officers could not find the CCL in their computer, either due to user error or improper search methods. The ISP portal for the ECARD contains live up to date accurate information. However, despite the officers computer not listing information "the display or possession of an electronic version of a valid Firearm Owner's Identification Card in accordance with the requirements of the Illinois State Police satisfies all requirements for the display or possession of a valid Firearm Owner's Identification Card under the laws of this State." See 430 ILCS 65/6.2

35. Defendant Lee, Tully, Sweeney, and Murphy then arrested Plaintiff and took Plaintiff into custody. He was transported to the 009th district Police Station for processing.

36. Defendant Police officer Bickham approved the probable cause of the arrest as the supervisor.

37. The Plaintiff was held in custody, sent to bond court, and charged with Felony aggravated unlawful use of a Weapon.

38. Plaintiff received an FBI criminal identification number, was placed into the national database, and spent one night in jail.

39. Upon Plaintiff's arrest his CCL and FOID was revoked by the State of Illinois and under Federal Law he could not carry a weapon since he was charged with a felony.

40. On 08/17/2022 the criminal case against Plaintiff was dismissed by Cook County State's Attorney Office

41. After conclusion and dismissal of the criminal case the Plaintiff reapplied to the State of Illinois for his FOID and CCL. As of the filing of this complaint the Plaintiff's right to bear arms has not been restored.

42. The State of Illinois continues to deny the Plaintiff his right to bear arms since the day of this unlawful and improper arrest.

43. Plaintiff has at all times remained eligible for his CCL and FOID privileges under Illinois and Federal law.

44. As a result of this conduct the Plaintiff suffered damages in that his 2nd and 14th amendment rights have been denied since his arrest, continue to be denied, he has lost his employment because it depended on his CCL and FOID license, expended money on Attorney's fees for his Defense in the criminal case, incurred other monetary losses, spent one night in custody, suffered a loss of freedom, and was issued an FBI criminal number in the FBI database.

45. The Plaintiff was deprived of his constitutional rights in violation of the 2nd amendment and 14th amendment to the United States Constitution.

46. The Second Amendment provides: "A well-regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed.

47. The Second Amendment guarantees individuals a fundamental right to carry operable handguns in non-sensitive public places for the purpose of self-defense.

48. The Second Amendment is fully applicable against the States.

49. The Defendants intentionally caused this deprivation.

50. The Defendants acted under color of law.

51. The Plaintiff must now incur costs to clear his reputation, including but not limited to, internet history, expungement, and criminal history with the FBI.

52. Defendants acted with willful malice.

53. The Defendants acted intentionally and in gross disregard of the plaintiff's constitutional rights and the law.

54. The City failed to properly train employees on ECARD.

55. The City failed to institute a policy on accepting the use of ECARD.

56. The City had a policy to not accept the ECARD.

57. The Sgt. Stated the City of Chicago Police department is not familiar with the ECARD, does not accept it, and that Plaintiff will have to go to be charged and go to court to show proof of the CCL.

58. Even if Plaintiff showed the identification the officers indicated they would not have accepted it since they do not do this in Chicago.

59. This failure amounts to "deliberate indifference" to rights of persons with whom employees come into contact, such as Plaintiff and others who are CCL holders.

60. The Defendants acted intentionally and in gross disregard of the plaintiff's constitutional rights.

61. The Defendants engaged in conscience-shocking, egregious behavior.

62. The Plaintiff rights were violated by abusive, irrational, or malicious abuse of government power.

63. The conduct committed shocks the conscience by falling substantially below standards generally accepted in police and government community.

64. The city is liable directly or under vicarious liability.

Wherefore, the Plaintiff requests that this honorable court awarding the following relief:

1. Compensatory Damages in excess of $500,000.00 from the City of Chicago, the Police officers, and the director

2. Punitive Damages from the City of Chicago, the Police officers, and the Director

3. To enjoin the State of Illinois from denying the Plaintiff his right to bear arms and order them to reissue his CCL and FOID. Only injunctive relief is sought against the State of Illinois.

COUNT 2: VIOLATION OF 42 U.S.C. § 1983
4th and 14th AMENDMENT BY DEFENDANT'S CITY OF CHICAGO AND CITY POLICE OFFICERS

65. Plaintiff recites the paragraphs in 1-64 in support of this count.

66. The Fourth Amendment to the United States Constitution protects persons from being subjected to unreasonable searches and seizures by the police.

8

67. A law enforcement official may only seize a person if there is appropriate justification to do so.

68. Plaintiff claims that the Defendant officers subjected Plaintiff to an unreasonable search, detention, and arrest in violation of the Fourth Amendment.

69. The Officers intentionally arrested the Plaintiff.

70. Those acts subjected Plaintiff to a "seizure."

71. The "seizure" and the arrest were unreasonable and without probable cause.

72. The officers possessed no warrant and no probable cause to arrest, detain, and search the Plaintiff.

73. The Officers violated the Plaintiff's rights under the 4th and 14th amendment of the United State Constitution.

74. The Officers had no legal basis to stop and detain the Plaintiff's vehicle.

75. The Officers had no legal basis to arrest the Plaintiff's and intentionally disregarded evidence showing his innocence.

76. As a result of this conduct the Plaintiff suffered damages in that his 2nd and 14th amendment rights have been denied since his arrest, continue to be denied, he has lost his employment because it depended on his CCL and FOID license, expended money on Attorney's fees for his Defense in the criminal case, incurred other monetary losses, spent one night in custody, suffered a loss of freedom, and was issued an FBI criminal number in the FBI database.

Wherefore, the Plaintiff requests that this honorable court awarding the following relief:

1. Compensatory Damages in excess of $500,000.00 from the City of Chicago, the Police officers, and the director

2. Punitive Damages from the City of Chicago, the Police officers, and The Director

3. to enjoin the State of Illinois from denying the Plaintiff his right to bear arms and order them to reissue his CCL and FOID. Only injunctive relief is sought against the State of Illinois.

## COUNT 3: VIOLATION OF 42 U.S.C. § 1983
## SUPERVISOR LIABILITY DEFENDANT BICKHAM AND MURPHY

77. Plaintiff recites the paragraphs in 1-76 in support of this count.

78. Officer Bickham and Sergeant Murphy were the Supervisory officers in this matter,

79. Plaintiff contends that their subordinates violated Plaintiff's federal rights, and that the supervisors should be liable for such conduct.

80. The Supervisors had actual knowledge of the officer's violation of Plaintiff's rights and acquiesced in that violation.

81. The Supervisors acted with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused the violation of not checking E-CARDS, accepting ECARDs, and failed to adopt a policy of checking E-CARDS.

82. The existing custom and practice without checking the E-CARD and failure to follow or adopt the policy of accepting E-CARDS created an unreasonable risk of such violations.

83. The Supervisors was aware that this unreasonable risk existed.

84. The Supervisors was deliberately indifferent to that risk.

85. The Violation resulted from supervisors' failure to adopt of policy of checking E-CARDS or failing to comply with such policy.

86. As a result of this conduct the Plaintiff suffered damages in that his 2nd and 14th amendment rights have been denied since his arrest, continue to be denied, he has lost his employment because it depended on his CCL and FOID license, expended money on Attorney's fees for his Defense in the criminal case, incurred other monetary losses, spent one night in custody, suffered a loss of freedom, and was issued an FBI criminal number in the FBI database.

Wherefore, the Plaintiff requests that this honorable court awarding the following relief:

1. Compensatory Damages in excess of $500,000.00 from the City of Chicago, the Police officers, and the director
2. Punitive Damages from the City of Chicago, the Police officers, and the director
3. to enjoin the State of Illinois from denying the Plaintiff his right to bear arms and order them to reissue his CCL and FOID. Only injunctive relief is sought against the State of Illinois.

COUNT 4: VIOLATION OF 42 U.S.C. § 1983
14th AMENDMENT DUE PROCESS BY DEFENDANT'S CITY OF CHICAGO, CITY POLICE OFFICERS, AND STATE POLICE DIRECTOR

87. Plaintiff recites the paragraphs in 1-86 in support of this count.

88. The Police officers and the State Police had time to deliberate, but the officials' actions were nevertheless deliberately indifferent.

89. The police arrested the Plaintiff without allowing him a meaningful opportunity to prove his innocence as allowed and required by State law.

90. The State Police have been aware of the Plaintiff's eligibility to possess firearms but have completely ignored or otherwise delayed restoring the Plaintiffs rights.

91. The deliberate indifference "shocks the conscience" and thus violates substantive due process.

92. As a result of this conduct the Plaintiff suffered damages in that his 2nd and 14th amendment rights have been denied since his arrest, continue to be denied, he has lost his employment because it depended on his CCL and FOID license, expended money on Attorney's fees for his Defense in the criminal case, incurred other monetary losses, spent one night in custody, suffered a loss of freedom, and was issued an FBI criminal number in the FBI database.

Wherefore, the Plaintiff requests that this honorable court awarding the following relief:

1. Compensatory Damages in excess of $500,000.00 from the City of Chicago, the Police officers, and the director

2. Punitive Damages from the City of Chicago, the Police officers, and the director

3. to enjoin the State of Illinois from denying the Plaintiff his right to bear arms and order them to reissue his CCL and FOID. Only injunctive relief is sought against the State of Illinois.

COUNT 5: VIOLATION OF 42 U.S.C. § 1983
MONELL LIABILTY AGAINST CITY OF CHICAGO

93. Plaintiff recites the paragraphs in 1-68 in support of this count.

94. Plaintiff was deprived of his 4th, 2nd, and 14th amendment rights.

95. The City of Chicago is liable for that deprivation.

96. The practice of not accepting ECARDs was so consistent and widespread that it constituted a tacit custom that was so widespread as to have the force of law.

97. The deprivation resulted from the City official policy or custom.

98. The City of Chicago official had a formal policy or custom to not to accept ECARDs or check ECARDs.

99. Additionally, there was inadequate training, inadequate supervision, and failure to adopt a needed policy in relation to ECARD and firearms and checking the portals with the cardholder present.

100. The City of Chicago was deliberately indifferent to the fact that a violation of 2nd, 4th, and 14th amendment is a highly predictable consequence of the inadequate training inadequate supervision, execution of the policy in relation to ECARDs, and failure to adopt the needed policy as to ECARDs.

101. The City of Chicago failed to inform and train the officers on proper ECARD procedures.

102. These failures, policies, and lack of policies caused the Plaintiff to suffer damages.

103. The constitutional injury was also caused by Sgt. Murphy and Bikham were persons with final policymaking authority.

104. As a result of this conduct the Plaintiff suffered damages in that his 2nd and 14th amendment rights have been denied since his arrest, continue to be denied, he has lost his employment because it depended on his CCL and FOID license, expended money on Attorney's fees for his Defense in the criminal case, incurred other monetary losses, spent one night in custody, suffered a loss of freedom, and was issued an FBI criminal number in the FBI database.

105. A formal policy exists subjecting the municipality to liability,

Wherefore, the Plaintiff requests that this honorable court awarding the following relief:

1. Compensatory Damages in excess of $500,000.00 from the City of Chicago, the Police officers, and the director

13

2. Punitive Damages from the City of Chicago, the Police officers, and the director

3. to enjoin the State of Illinois from denying the Plaintiff his right to bear arms and order them to reissue his CCL and FOID. Only injunctive relief is sought against the State of Illinois.

COUNT SIX: NEGLIENCE

106. Pursuant to Fed. R. Civ. P. 10 (c) the statements made in paragraphs 1-142 of this pleading are adopted by reference and incorporated into this count.

107. Defendants owed a duty to Plaintiff to operate with a standard of care like a reasonable prudent law enforcement agency would.

108. Defendant breached these duties by not allowing Plaintiff to show his ECARD or accepting the ECARD.

109. Defendant City also breached its duty to supervise or properly train the Officer Defendants on ECARDs.

110. Plaintiff suffered damages as from this breach and conduct including but not limited, loss of his employment because it depended on his CCL and FOID license, expended money on Attorney's fees for his Defense in the criminal case, incurred other monetary losses, spent one night in custody, suffered a loss of freedom, and was issued an FBI criminal number in the FBI database.

111. The City is liable directly or under vicarious liability

Wherefore, the Plaintiff requests that this honorable court awarding the following relief:

1. Compensatory Damages in excess of $500,000.00 from the City of Chicago, the Police officers, and the director

2. Punitive Damages from the City of Chicago, the Police officers, and the Director

3. To enjoin the State of Illinois from denying the Plaintiff his right to bear arms and order them to reissue his CCL and FOID. Only injunctive relief is sought against the State of Illinois.

COUNT SEVEN: GROSS NEGLIENCE

112. Pursuant to Fed. R. Civ. P. 10 (c) the statements made in paragraphs 1-151 of this pleading are adopted by reference and incorporated into this count.

113. Defendants owed a duty to Plaintiff to operate with a standard of care like a reasonable prudent law enforcement agency would.

114. Defendants breached these duties by not allowing Plaintiff to show his ECARD or accepting the ECARD.

115. The City is liable directly or under vicarious liability.

116. The Defendants acted with a is a conscious and voluntary disregard of the need to use reasonable care, which was likely to and did cause cause foreseeable grave injury or harm to persons, property, or both.

117. The conduct of Defendants is extreme.

118. Plaintiff suffered damages from this conduct as set forth previously including but not limited, loss of his employment because it depended on his CCL and FOID license, expended money on Attorney's fees for his Defense in the criminal case, incurred other monetary losses, spent one night in custody, suffered a loss of freedom, and was issued an FBI criminal number in the FBI database.

Wherefore, the Plaintiff requests that this honorable court awarding the following relief:

1. Compensatory Damages in excess of $500,000.00 from the City of Chicago, the Police officers, and the director

2. Punitive Damages from the City of Chicago, the Police officers, and the Director

3. To enjoin the State of Illinois from denying the Plaintiff his right to bear arms and order them to reissue his CCL and FOID. Only injunctive relief is sought against the State of Illinois.

COUNT 8: ILLINOIS STATE LAW – WILLFUL AND WANTON CONDUCT

119. Plaintiffs incorporates all paragraphs of this complaint as though fully set forth herein.

120. During the relevant time, Defendant police officers were the agents and/or employees of Defendant City, who is responsible under the legal theory of Respondeat Superior

121. During the relevant time, Defendants officers and Defendant City were under duty to refrain from willful and wanton conduct.

122. Defendant Officers and Defendant City breached their duty not accepting the ECARD and arresting the Plaintiff.

123. The conduct was otherwise willful and wanton.

124. Defendant officers and Defendant City's conduct was done intentionally or with a reckless disregard for Plaintiffs rights and Plaintiff himself.

125. As a result of Defendant Officer's and Defendant City conduct, Plaintiff suffered damages.

126. Plaintiff suffered damages as set forth including but not limited, loss of his employment because it depended on his CCL and FOID license, expended money on Attorney's fees for his Defense in the criminal case, incurred other monetary losses, spent one night in custody, suffered a loss of freedom, and was issued an FBI criminal number in the FBI database.

Wherefore, the Plaintiff requests that this honorable court awarding the following relief:

1. Compensatory Damages in excess of $500,000.00 from the City of Chicago, the Police officers, and the director

2. Punitive Damages from the City of Chicago, the Police officers, and the Director

3. To enjoin the State of Illinois from denying the Plaintiff his right to bear arms and order them to reissue his CCL and FOID. Only injunctive relief is sought against the State of Illinois.

### COUNT 9: ILLINOIS STATE LAW - INDEMNIFICATION

127. Plaintiffs incorporates all paragraphs of this complaint as though fully set forth herein.

128. During the relevant time, Defendant Officers were employees of Defendant City and acted within the scope of his employment.

129. Pursuant to 745 ILCS 10/9-102, Defendant City is required to indemnify public employees – such as Defendant officers – for any judgment against a public employee for acts or omissions done within the scope of their employment and is required to indemnify any employee for any judgment for acts or omissions done within the scope of their employment.

WHEREFORE, Plaintiff prays that Defendant City be required to indemnify the officers for any award of compensatory damages, attorneys' fees, costs awarded against these defendants, and/or if applicable punitive damages.

/S/ Ilia Usharovich
Ilia Usharovich, Lead Attorney
224 S. Milwaukee Ave Suite E
Wheeling, Illinois 60090
Telephone: 847-264-0435
Facsimile: 224-223-8079
Email: Ilia@Usharolaw.com
Attorney:6302193

Marshall C. Libert &
Mark Anderson
Attorney For Plaintiff
38 N. Cass Avenue, 2nd Floor
Westmont, Illinois 60559
Phone: 708-870-2888
Email: Libertlaw1@Gmail.Com

Sheldon Sorosky
Attorney For Plaintiff
717 N Ridge Road
Wilmette, Illinois 60091

## JURY DEMAND

Plaintiff demands a jury trial on all issues triable of right by a jury in this matter