**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

CHRISTIAN AVITIA,
      Plaintiff

    v.

CITY OF CHICAGO, *et al.*,
      Defendants

No. 23 CV 15957

Judge Jeremy C. Daniel

**ORDER**

The defendants' motion for summary judgment [112] is granted. The plaintiff's motion for summary judgment [117] is denied. Civil case terminated.

**STATEMENT**

This case is before the Court on cross-motions for summary judgment filed by Plaintiff Christian Avitia, and Defendants City of Chicago (the "City") and Chicago Police Department officers Tim Tully, Erin Murphy, Kevin Sweeney, and Bernard Lee, Jr. (collectively, the "defendant officers"). (R. 113; R. 117.) The plaintiff brings claims under § 1983 of the Civil Rights Act of 1871 for false arrest and supervisory liability as related to his arrest for obscured vehicle registration and possession of a concealed firearm without a license. *See* 42 U.S.C. § 1983. Both sides seek summary judgment on the plaintiff's remaining claims under § 1983: Count II for false arrest against the City and the defendant officers, Count III for supervisory liability against Murphy, and Count IX for indemnification.

**Background and Legal Standard**

The following facts are taken from the parties' Local Rule 56.1 submissions,[1] the materials cited therein, and other aspects of the record in this case. On June 29, 2022, Officers Lee and Tully pulled the plaintiff over for having an obstructed vehicle registration. (Pl. Resp. to Def. SOF ¶ 6.) Murphy, who was Lee and Tully's sergeant,

---

[1] Defendants' Statement of Undisputed Material Facts ("Def. SOF") (R. 114); Plaintiff's Statement of Undisputed Material Facts ("Pl. SOF") (R. 118); Plaintiff's Response to Defendants' Statement of Undisputed Material Facts ("Pl. Resp. to Def. SOF") (R. 128); Plaintiff's Statement of Additional Facts Pursuant to Local Rule 56.1(B)(3)(c) ("Pl. Add'l SOF") (R. 129); Defendants' Response to Plaintiff's Statement of Additional Facts ("Def. Resp. to Pl. Add'l SOF") (R. 131.)

Sweeney, and Officer Perrone (not a named defendant in this case) arrived on the scene shortly after. (*Id.* ¶¶ 9–10.) The officers saw a BB gun rifle in the back of the plaintiff's vehicle and asked if he had any additional weapons in the vehicle. (*Id.* ¶¶ 11–12.) The plaintiff told the officers he had a handgun on his passenger seat under an article of clothing; Tully took possession of the handgun, which was loaded. (*Id.* ¶¶ 13–15.) Lee asked for the plaintiff's driver's license and concealed carry license ("CCL"). (*Id.* ¶ 16.) The plaintiff provided his driver's license and Firearm Owner's Identification Card (FOID) and mentioned he had an e-Card to pull up on his phone that authorized him to carry his concealed weapon. (*Id.* ¶¶ 17–18.) The officers told the plaintiff to exit the vehicle and allowed him to attempt to access his e-Card. (*Id.* ¶¶ 19–20.) The plaintiff was experiencing signal issues during the incident and did not know how to enter his date of birth on the CCL. (*Id.* ¶¶ 22–23.)

The defendant officers gave the plaintiff more than four minutes to access his CCL on his phone. (*Id.* ¶ 24.) In the meantime, Lee returned to his vehicle and ran the plaintiff's name through the Law Enforcement Agencies Data System ("LEADS") multiple times, which did not show the plaintiff as having a valid CCL. (*Id.* ¶¶ 27–29.) The defendant officers then detained the plaintiff and placed him in handcuffs. Murphy explained to the plaintiff that, if he had a valid CCL, it would appear in LEADS. (*Id.* ¶ 37.) The plaintiff was arrested for violation of 720 ILCS 5.0/24-1.6(a)(1), aggravated unlawful use of a weapon, and was also cited for violation of 605 ILCS 10.0/27.2(a) for his obstructed vehicle registration. (*Id.* ¶¶ 57–58.) He was in custody for one night and was released on a personal recognizance bond. (*Id.* ¶ 59.) His criminal matter was dismissed *nolle prosequi* in August 2022. (*Id.* ¶ 60.)

A party is entitled to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. A genuine dispute of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where, as here, the parties file cross-motions for summary judgment, all reasonable inferences are drawn in favor of the party against whom the motion at issue was made." *Tripp v. Scholz*, 872 F.3d 857, 862 (7th Cir. 2017) (citation omitted). In reviewing a motion for summary judgment, the Court draws all inferences in the light most favorable to the nonmoving party. *Id.* at 255. However, the nonmoving party cannot rely on mere conjecture or speculation to manufacture a genuine issue of material fact. *McCoy v. Harrison*, 341 F.3d 600, 604 (7th Cir. 2003).

## Analysis

**False Arrest**

The defendants argue that they are entitled to summary judgment as to Count II because all defendant officers had probable cause to arrest the plaintiff. (R. 112 at 5–

2

9.) The plaintiff, in turn, argues that the defendant officers could not have had probable cause because they consciously disregarded information that his e-Card was sufficient to show that he was properly licensed to carry a concealed firearm. (R. 117 at 5–12.)

> The existence of probable cause to arrest is an absolute defense to any § 1983 claim against a police officer for false arrest . . . . Probable cause to justify an arrest exists if the totality of the facts and circumstances known to the officer at the time of the arrest would warrant a reasonable, prudent person in believing that the arrestee had committed, was committing, or was about to commit a crime.

*Abbott v. Sangamon Cnty., Ill.*, 705 F.3d 706, 713 (7th Cir. 2013). "A reasonable officer can have probable cause even if [] he turns out to be mistaken." *Muhammad v. Pearson*, 900 F.3d 898, 909 (7th Cir. 2018). The parties do not dispute that the plaintiff's rear registration had a tinted cover, he admitted to carrying a concealed weapon, he could not produce his e-Card after a few minutes of trying, and the officers determined that the plaintiff did not appear as having a valid CCL in LEADS. (Pl. Resp. to Def. SOF ¶¶ 7, 13, 26, 28.)

The Fourth Amendment does not require police officers to chase down all leads to establish probable cause to arrest. *Hodgkins ex rel. Hodgkins v. Peterson*, 355 F.3d 1048, 1061 (7th Cir. 2004). And once a police officer has probable cause, they need not continue searching for additional exculpatory evidence. *Beauchamp v. City of Noblesville, Ind.*, 320 F.3d 733, 744–45 (7th Cir. 2003). The defendant officers here determined that the plaintiff did not have a valid CCL based on the information in LEADS and his inability to produce an alternative method of displaying his CCL. This was a reasonable basis upon which to establish probable cause. *See Dakhlallah v. Zima*, 42 F. Supp. 3d 901, 908–09 (N.D. Ill. 2014) ("[A] reasonable arresting officer would have relied on LEADS, an official government database, in making a probable cause determination.").

The parties do dispute, however, whether the plaintiff's CCL was valid on the date of his arrest: the plaintiff argues that his CCL was valid based on Illinois law from January 2022 permitting the display of e-Card versions of the FOID and CCL during a traffic stop, 430 ILCS 66/10.5; (Def. Resp. to Pl. SOF ¶ 13), while the defendant officers offer evidence that the plaintiff did not possess a valid CCL on June 29, 2022, because he had not yet been issued his physical card (Pl. Resp. to Def. SOF ¶ 43–49).

But it is immaterial that the plaintiff may have, in fact, had a valid CCL displayable through his e-Card because LEADS did not show the plaintiff had such a license, and he was not able to produce it within a reasonable amount of time during the traffic stop. (*Id.* ¶ 24.) The police may base probable cause on inaccurate information if that

3

is what is known to them at the time. *Muhammad*, 900 F.3d at 909. The officers gave the plaintiff a reasonable amount of time to retrieve his e-Card and were not required to wait him out beyond that. And without presenting the valid e-Card, the plaintiff was not entitled to have the officers rely on his assertion that he had a valid CCL. *See Spiegel v. Cortese*, 196 F.3d 717, 724 (7th Cir. 1999) ("Many putative defendants protest their innocence, and it is not the responsibility of law enforcement officials to test such claims once probable cause has been established."). Based on the totality of the circumstances, a reasonable officer could have concluded that the plaintiff was carrying a concealed weapon without a license. This means the defendant officers had probable cause to arrest him. The Court grants the defendants' motion and denies the plaintiff's motion for summary judgment on Count II.

**Supervisory Liability**

The defendants argue that they are entitled to summary judgment on Count III for supervisory liability because there was no constitutional violation, and Sergeant Murphy had probable cause to arrest the plaintiff. (R. 112 at 9–12.) The plaintiff argues that Sergeant Murphy also turned a blind eye to the validity of his e-Card and so could not have had probable cause. (R. 127 at 22–23.) The parties do not dispute that Sergeant Murphy arrived on the scene prior to the plaintiff's arrest and was informed that the plaintiff's name did not appear as having a CCL in LEADS nor was he able to produce his e-Card on his phone. (Pl. Resp. to Def. SOF ¶¶ 34–37.)

An officer has supervisory liability when they were "personally involved in the constitutional violation" underpinning the § 1983 claim. *Gill v. City of Milwaukee*, 850 F.3d 335, 344 (7th Cir. 2017). Because the Court has granted summary judgment as to the remaining § 1983 claim of false arrest to the defendant officers, there is no constitutional violation, and thus no supervisory liability. Sergeant Murphy had the same probable cause that the other officers had when assessing whether to arrest the plaintiff. The Court grants the defendants' motion for summary judgment as to Count III.

**Indemnification**

The defendants next seek summary judgment on Count IX for indemnification. (R. 112 at 12.) Where there is no liability as to the defendant officers, the City cannot be held vicariously liable. 745 ILCS 10/2-109 ("A local public entity is not liable for an injury resulting from an act or omission of its employee where the employee is not liable."). The Court grants the defendants' motion for summary judgment as to Count IX.

4

## Qualified Immunity

Because the Court grants summary judgment to the defendants on the merits, it need not reach arguments regarding qualified immunity.

Date: June 22, 2026

_____

JEREMY C. DANIEL
United States District Judge

5